# Boyd *v.* Holt.

## *Mandamus.*

1.  *Redemption of lands sold for taxes ; how statutes authorizing are to be construed.*—The right to redeem lands sold for taxes is purely statutory ; and while such statutes are favorably and liberally construed, courts can not change the mode or vary the circumstances or conditions upon which the statute makes the right depend.

2.  *Same ; act relating to, approved February 12, 1879, construed.*—The "act

[Boyd v. Holt.]

to authorize the redemption of lands sold for taxes and purchased by the State," approved February 12, 1879, confines the right of redemption, upon the terms therein prescribed, to lands sold between the first day of January, 1866, and the first day of January, 1878, and the office of its fourth section which allows the redemption of parts or parcels of lands " heretofore sold for taxes," without specially confining the redemption to lands sold between the times mentioned in the first section, is to confer the right to redeem part of a tract or parcel of land sold within the prescribed period, without being compelled to redeem the whole tract, and not to extend the right to all lands, no matter when sold.

APPEAL from Macon Circuit Court.
Tried before Hon. JAMES E. COBB.
The opinion states the facts.

ABERCROMBIE, GRAHAM & BILBRO, for appellant.

W. F. FOSTER, *contra.*

BRICKELL, C. J.—The first section of the act, approved February 12, 1879, entitled " an act to authorize the redemption of lands or real estate sold for taxes, and purchased by or in the name of the State," (Pamph. acts, 1878-9, p. 14) provides :  " That in all cases where lands, or real estate of any description may have been sold for taxes, and purchased by or in the name of the State, at any time between the first day of January, 1866, and the first day of January, 1878, it shall and may be lawful for the owners of such lands or real estate, his or her agent or duly authorized legal representative, to redeem such land or real estate by paying into the treasury, or to the judge of probate of the county in which such real estate may have been sold and purchased in the name of the State, one-half of the amount of taxes due on said real estate, when such real estate was ·sold, and, in addition thereto, one-half the amount of all taxes assessed and levied against said real estate since the day of sale, if the same have not been paid, without any penalty or interest," &c.   The fourth section reads :   " That the owner of any particular piece or tract of land or other realty, heretofore sold for taxes and purchased by the State, or the agent or agents of any such owner, may redeem the same, on paying one-half of the taxes due upon the particular piece or tract of land so sold and purchased by the State, including the taxes for which the land was sold, and also all taxes which have accrued thereon since the date of such sale."

The appellant made application to the judge of probate, claiming the right under these statutory provisions, to redeem the whole of a tract of land, which had been sold on the 6th day of May, 1878, for the payment of taxes, and purchased by the State.   The probate judge refused the appli-

[Boyd v. Holt ]

cation, and thereupon, the appellant applied to the judge of the ninth judicial circuit for a *mandamus* to compel the probate judge to receive the money tendered, and issue a certificate of redemption.   On a hearing, the judge of the Circuit Court refused to grant the *mandamus*, and dismissed the application at the costs of the appellant.   From that judgment, this appeal is taken.

The right of redeeming lands sold for the payment of taxes, whether the purchaser is the State, to whom the taxes are due, or an individual, is derived exclusively from statutory provisions.   Such provisions are favorably and liberally construed on the same principle that remedial statutes are beneficially expounded. – *Dubois v. Hepburn*, 10 Pet. 1.   But the right must nevertheless be asserted in the mode, under the circumstances, and upon the conditions expressed in the statute.   The courts cannot change the mode, or vary the circumstances or conditions, upon which the statute may declare the right shall depend.   The first section of the statute, in clear and unambiguous terms, confines the right of redemption to lands which were sold and purchased by the State, between the first day of January, 1866, and the first day of January, 1878.   Lands sold anterior to the first day of January, 1866, or subsequent to the first day of January, 1878, are not the subject of redemption under this section. The time of the sale is a material element of the right.

The fourth section of the statute was not intended to vary the circumstances or conditions on which the right of redemption depends, nor to extend it to any other sales, than such as were made within the period of time expressed in the first section.   The whole purpose of that section, is to confer the right to redeem a part of a tract or parcel of land sold within the prescribed period, on the terms and conditions expressed ;   to relieve the owner from liability to redeem the whole tract, and to relinquish the right of the State to the part redeemed.   If the fourth section was construed as authorizing the redemption of all lands at any time sold for taxes and purchased by the State, it would be repugnant to and inconsistent with the first section.   In effect, it would as to the time of the sale, abrogate that section.   But when construed, as simply authorizing a redemption of any particular part of a tract or parcel, sold within the period prescribed, or the terms expressed, it is consistent with, and an additional provision to the first section.   No rule for the construction of statutes, is more uniformly observed than that which requires that they be so construed, that one part or clause shall not frustrate or destroy, but shall harmonize with and support another.

[Harris v. Swanson & Bro.]

The appellant, by his application, showed he did not have the right of redemption claimed, and the circuit judge properly refused the *mandamus*.

Affirmed.