## Angie Traeger v. The Mutual Building and Loan Association et al.

1.  REDEMPTION—*The Right is Absolute.*—Section 18, Chapter 77, R. S., entitled Judgments, Decrees and Executions, gives the right of redemption from judicial sales of real property, and no person can be deprived of such right against his will.

2.  SAME—*How Effected.*—A person entitled to redeem has an absolute right to deposit the proper redemption money with the officer who made the sale, and having done so, the redemption is effected, but such deposit must be made within the time allowed by the statute for redemption.

Bill to Redeem.—Error to Superior Court of Cook County; the Hon. Theodore Brentano, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed March 31, 1896.

## Statement of the Case.

Mrs. Traeger, then Mrs. Page, in 1885, purchased block 22, in question, of James W. Brockway. On March 1, 1886, she obtained a loan of $2,700 of the Mutual Building and Loan Association, of Chicago, and gave a bond for $5,400 and a mortgage on said block 22, to secure the same to said building association; she actually received of said association only about $1,800.

Said association obtained, on January 22, 1889, a decree finding $3,515.88 due on said mortgage, and directing its foreclosure.

Sale under said decree was made February 23, 1889, and Samuel T. White was the purchaser for the sum of $3,680, and certificate of sale of that date was issued to him.

Mrs. Traeger, then Mrs. Page, and her husband, after making said mortgage, on June 22, 1886, conveyed said premises to Howard S. Prescott, but for the benefit of plaintiff in error. By her direction Prescott, on June 1, 1887, conveyed said premises to Oliver S. Patch, Jr., the brother of plaintiff in error, which conveyance was also for her benefit. In November, 1887, plaintiff in error gave her note to the Racine Wagon and Carriage Company for $640.33, due in one year, for merchandise purchased of said company; and, by the direction of plaintiff in error, her brother, Patch, conveyed said block by deed dated November 5, 1887, recorded January 4, 1888, to Darius J. Morey to secure said note. Morey was an agent and employe of said company, and said deed was absolute in form.

In January, 1888, Morey left the employ of said company and it took a deed from him of said block, dated January 20, recorded January 24, 1888.

In November, 1888, the Racine Wagon and Carriage Company demanded of Mrs. Traeger payment of the note; she did not pay it.

The Racine Carriage and Wagon Company, by deed dated February 20, 1889, recorded March 30, 1889, conveyed said block to Roland R. Landis, and Landis, by deed dated April 6, recorded April 12, 1889, conveyed said block to Samuel T. White, who held the master's certificate under the fore-

closure sale, dated February 23, 1889. Such deeds were absolute in form.

It is charged in said bill that White was an officer of said building association, acquainted with the rights of Mrs. Traeger in the premises, and holds the title which he obtained to said bill in privity with said association.

That plaintiff in error did not know of the conveyance of said block by Morey to the carriage company till several months after said decree of foreclosure, and did not learn of the deed from the carriage company to Landis, and of the deed of Landis to White, until plaintiff in error sought to redeem from said foreclosure sale, at which time White said that he had purchased the outstanding title, and would not receive money tendered, and would not permit or allow her to redeem.

That during all the time of the making and recording of all said deeds she was in possession of said block, and that all said deeds were made and received by the several parties making and receiving the same, with full knowledge on the part of the grantors and grantees in each of said deeds of her rights in the premises, and were the result of a conspiracy on the part of the carriage company, Landis and White, to defraud plaintiff in error of her right of redemption from said foreclosure sale, and from the conveyance made to secure said note to said carriage company.

Upon demurrer to the bill, the same was dismissed.

Matthews & Hughes, attorneys for plaintiff in error.

M. L. Raftree and Bowen W. Schumacher, attorneys for defendants in error.

Mr. Justice Waterman delivered the opinion of the Court.

The bill of the plaintiff in error, condensed, is that, having had her property sold under a foreclosure sale, and being entitled to redeem therefrom, the defendant, White, has purchased a second mortgage made by her, in form an absolute deed, and refuses to permit her to redeem. Nei-

Schmitt v. Devine.

ther Mr. White nor any of the defendants to her bill, had any power to prevent her redeeming from the foreclosure sale of her property. The statute, section 18, chapter 77, gave to her a right of redemption which no one could, against her will, deprive her of. It was not necessary that Mr. White, or anybody else, should consent to her redeeming, or to take money she offered. She had an absolute right to deposit the proper redemption money with the master who made the sale, and thereby a redemption would be effected.

If plaintiff in error has failed to avail herself of this plain right of redemption, it is not the fault of Mr. White or anybody else. No bill to obtain the right of redemption was necessary or proper.

If the absolute deed by her made to Howard S. Prescott, and that by her direction made to Oliver S. Patch, Jr., were in trust for her benefit, and the absolute deed by Patch to Morey was but a mortgage, and if White, when he purchased and received a deed from Landis had notice of this, she may be entitled to maintain a bill against White to redeem from the alleged mortgage to Morey; but her alleged right to redeem from a mortgage to Morey did not and does not extend the time within which she had an absolute right to redeem from the foreclosure sale made by the master in chancery.

It is for an extension of such statutory time, an enlargement of the plain right given her by the law, that her bill was filed, and it was properly dismissed.

The decree of the Superior Court is affirmed.