### BRASCH *v.* MUMEY.

### Opinion delivered May 29, 1911.

1. JUDICIAL SALE—REDEMPTION.—The right to redeem property sold under an order or decree of court is a privilege conferred by statute, does not exist independently thereof, and must be asserted within the time and manner prescribed by the statute. (Page 326.)

2. SAME—EFFECT OF CONFIRMATION.—Until confirmed, a judicial sale is incomplete and passes no title; but after confirmation the title passes, and the rights of the purchaser relate back to the date of the sale. (Page 327.)

3. SAME—REDEMPTION.—Statutes giving to an owner of property the right to redeem from a judicial sale are remedial, and should be construed liberally in favor of the owner. (Page 328.)

4. IMPROVEMENT DISTRICT—TAX SALE—REDEMPTION.—Under Kirby's Digest, § 5703, authorizing an owner of land to redeem land within an improvement district from a sale for an unpaid assessment "at any time within one year after the sale," the year allowed for redemption runs from the date of sale by the commission, and not from the time the sale is confirmed. *Robertson* v. *McClintock,* 86 Ark. 255, followed. (Page 328.)

Appeal from Sebastian Chancery Court; *J. V. Bourland,* Chancellor; reversed.

*Youmans & Youmans,* for appellant.

The time for redemption had expired. The confirmation, when made, related back to the date of sale, and made it complete and valid from that date. Kirby's Dig. § § 5703, 5704; Rorer on Jud. Sales (2 ed.), §106; *Id.* § 109; 17 Am. & Eng. Enc. of L. 993; 24 Cyc. 36; 80 Ark. 1. The right of redemption exists only by virtue of the statute, and must be exercised within the time prescribed by statute. 24 Cyc. 68.

*Hill, Brizzolara & Fitzhugh,* for appellee.

The sale was not perfected and completed until confirmed by the court, and appellee had one year from that date in which to redeem. Redemption statutes are to be construed, not strictly against the owner, but liberally in his favor. Black on Tax Titles (2 ed.), § 350; 2 Blackwell on Tax Titles, § 728; 27 Am. & Eng. Enc. of L. (2 ed.) 850, par. 3, note 6; 26 *Id.* 677, note 4; 33 Pa. St. 94; 24 Cyc. 68; 17 Am. & Eng. Enc. of L. (2 ed.) 989; 27 *Id.* 843; Rorer on Jud. Sales, § 106; 24 Cyc. 33; 53 Ark. 445.

*Youmans & Youmans,* for appellant in reply.

While it is true that redemption statutes are liberally construed in favor of that right, yet "the right must nevertheless be asserted in the mode, under the circumstances and upon the conditions expressed in the statute." 62 Ala. 296; 63 Ill. App. 286; 179 Ill. 395; 76 Ill. 604; 7 Hill (N. Y.) 177; 20 Ky. L. Rep. 1622.

FRAUENTHAL, J. This was an action instituted by appellee to redeem a lot situated in the city of Fort Smith from a sale made thereof for a delinquent sewer improvement assessment. The lot was owned by the appellee, and was situated in an improvement district known as Sewer District No. 2 of the city of Fort Smith. The board of improvement of said district had brought suit in the chancery court for the recovery of the delinquent assessment on said lot and the enforcement of the lien thereof, and the appellee was duly made a party to and served with process in that suit. A decree was rendered by said court ordering the sale of said lot for the payment of said delinquent assessment and appointing a commissioner to make said sale. The commissioner proceeded to advertise and conduct said sale in the manner prescribed by said decree and the law, and in pursuance thereof sold said lot on October 21, 1909, to the appel-

lant. He filed his report of said sale in said chancery court on October 28, 1909, which was duly approved and confirmed on October 30, 1909.

On October 25, 1910, appellee deposited with the clerk of said chancery court the amount necessary to redeem the lot from said sale in pursuance of the provisions of section 5704 of Kirby's Digest, but the appellant refused to accept same, claiming that the time for redemption had expired. Thereupon appellee brought this suit to redeem said lot from said sale, and upon a trial of the case in the chancery court a decree was rendered allowing the redemption thereof.

The question involved in this case is whether or not the appellee exercised his right of redemption within the time prescribed by law. The lot was sold in pursuance of a decree of a court foreclosing a lien thereon. Ordinarily, the right of redemption is barred by a foreclosure proceeding made with due process of law, and a further right to redeem thereafter exists only when it is given by statute. The right to redeem property sold under an order or decree of court is purely a privilege conferred by, and does not exist independently of, the statute. Rorer on Judicial Sales, § 906; 2 Jones on Mortgages, § 1051; 17 Am. & Eng. Enc. Law 1034; *Boyd* v. *Holt,* 62 Ala. 296.

The right of the owner to redeem from a judicial sale exists, therefore, only in those cases which fall within the statute giving such privilege, and can be asserted within the time and manner prescribed by the statute, and not otherwise. Rorer on Judicial Sales, § 941; 24 Cyc. 68; 17 Am. & Eng. Enc. Law, 1036; *Thompson* v. *Sherrill,* 51 Ark. 453; *Banks* v. *Directors,* 66 Ark. 490; *Gavin* v. *Ashworth,* 77 Ark. 242; *Traeger* v. *Mutual Bldg. & Loan Assn,* 63 Ill. App. 286.

In this case the decree ordering the sale of the lot for the payment of the sewer improvement assessment, and the sale thereof by the commissioner appointed by the court, were made in pursuance of the provisions of section 5690 *et seq.,* Kirby's Digest; and the right of the owner to redeem from said sale is given by the following sections thereof:

"Sec. 5703. The owner may redeem from the purchaser at any time within one year after the sale by paying him the amount

paid by him, with twenty per centum thereon; which redemption shall be noted upon the margin of the decree by the purchaser.

"Sec. 5704. If the purchaser cannot be found, the owner may redeem by paying the amount to the clerk of the court wherein the decree was rendered, who shall then note the redemption as aforesaid; and the clerk shall hold the redemption money subject to the order of the said purchaser, free of charge or commission, and pay the same over on demand; and if such redemption money be not called for within twenty days, the clerk shall advertise same by notice inserted one time in some newspaper published in said county."

It will be seen that the time within which the owner is given to redeem the land from sale is "within one year after the sale"; and the question to be determined is whether such time is within one year after the day on which the sale is made by the commissioner or within one year after the day on which the sale so made by the commissioner is confirmed by the court.

It is contended by counsel for appellee that a sale made under an order or decree of a court is not complete until it is confirmed by the court, and that the period within which the owner by the above statute is given the right to redeem after the sale is, therefore, within one year after the date of the confirmation of such sale. Without confirmation, a sale made by a commissioner under a decree of court is not final or complete so as to pass the title to the property sold, and such sale may be set aside before the confirmation thereof upon good and valid grounds, such as misconduct, gross irregularities in making the sale, or gross inadequacy of price. In this sense a sale made under a decree is not complete or conclusive until it is confirmed by the court. Rorer on Judicial Sales, § 122; 17 Am. & Eng. Enc. Law, 909; *Apel* v. *Kelsey,* 47 Ark. 413; *Bell* v. *Green,* 38 Ark. 78; *Trotter* v. *Neal,* 50 Ark. 340; *Stotts* v. *Brookfield,* 55 Ark. 307; *Bank of Pine Bluff* v. *Levy,* 90 Ark. 166; *Thompson* v. *Cox,* 42 W. Va. 566; *Vass* v. *Arrington,* 89 N. C. 10; *Gault's Appeal,* 33 Pa. St. 94.

The effect of the confirmation of a judicial sale is, however, primarily to determine that such sale has been made in due compliance with the provisions of the decree; and where such sale is made fairly and honestly, and in due compliance with the provisions of the decree, the purchaser has a right to insist upon its

due confirmation. When a confirmation of sale is made, all objections thereto are concluded, and the bargain becomes complete, and the rights springing therefrom relate back to the date of the sale which was made by the commissioner. After the commissioner's sale is confirmed, the rights of the purchaser relate back to the date of the sale made by him, and the purchaser is then considered the owner from and after that date. Rorer on Judicial Sales, § 122; 17 Am. & Eng. Enc. Law, 993; *Green* v. *Robertson,* 80 Ark. 1; *Haralson* v. *George,* 56 Ala. 295; *Cale* v. *Shaw,* 33 W. Va. 299.

It follows from this, therefore, that, after a judicial sale has been duly confirmed, it dates, not from the confirmation thereof, but from the time of the sale made by the commissioner under the order of the court. Statutes giving to an owner of property the right to redeem are remedial in their nature, and should be construed liberally in favor of the owner and his right of redemption. *Dubois* v. *Hepburn,* 10 Pet. 1. But the right of redemption is only statutory, and it must therefore be asserted in the time and manner and upon the conditions named in the statute which creates the right. The courts cannot by construction extend the time or vary the terms of the statute under which such right can be exercised. *Boyd* v. *Holt, supra.*

Under the ruling of this court in the case of *Robertson* v. *McClintock,* 86 Ark. 255, the language employed in this statute allowing redemption within one year after the sale is not indefinite or ambiguous, but refers to the sale made by the commissioner, and fixes the time of such sale on the day of sale made by him. In the case of *Robertson* v. *McClintock, supra,* certain lands were sold under a decree of the chancery court foreclosing the lien given by the act of the Legislature for the collection of levee taxes assessed upon lands situated in the St. Francis Levee District. Under the proceedings for the enforcement of said levee taxes, said act provided that the lands "shall be subject to redemption at any time within one year from the day of the sale thereof." In that case the court held that the year allowed for redemption from a sale made pursuant to the decree of the court foreclosing the lien given for said levee taxes runs from the date of the sale by the commissioner, and not from the time the sale was confirmed. In that case the court said:

"The confirmation is not the sale, but only what the word implies, the approval of something already done. The sale is made by the commissioner. Confirmation only gives the court's sanction to something that has already taken place, and authorizes the commissioner to execute the deed. The purchaser cannot take possession until he receives this, but it will not do to say that a sale which the court must confirm amounts to nothing. If the sale has been unfairly made, or is for a shockingly unfair price, the owner can object to the confirmation; but if he seeks to redeem instead, the redemption must take place within one year after the lands have been stricken off by the commissioner."

The provisions of said act allowing redemption from sales made in proceedings enforcing the collection of levee taxes in the St. Francis Levee District (Acts of 1901, p. 153) construed in the above case are, we think, similar in every essential particular to the above provisions of sections 5703, 5704, of Kirby's Digest, which give the right of redemption from sales made for the enforcement of sewer improvement assessments. We are constrained to hold, therefore, that the case at bar is ruled by the decision in that case.

The decree of the Sebastian Chancery Court will be reversed, and this cause will be remanded with directions to deny to appellee the right to redeem.

HART, J., concurs in the judgment solely on the ground that the question is concluded by the decision in the case of *Robertson v. McClintock, supra.*