THOMPSON, Presiding Judge.
Equity Ventures, LLC, appeals from a judgment of the Calhoun Circuit Court ("the circuit court") dismissing its petition for a writ of mandamus in connection with the administrative redemption of certain property for which it had acquired a tax deed.
The record indicates that Superior Home Construction, LLC ("Superior"), owned a parcel of property in Calhoun County ("the property"). Cheaha Bank held a mortgage on the property. Taxes on the property were not paid, and on May 8, 2012, the State of Alabama purchased the tax lien on the property at a tax sale. The state received a certificate of purchase on May 18, 2012. On January 16, 2015, the state conveyed its interest in the property and assigned the certificate of purchase to Equity Ventures.
In December 2015, more than three years after the date of the tax sale, Equity Ventures surrendered the certificate of purchase. The Calhoun Probate Court ("the probate court") issued Equity Ventures a tax deed for the property on December 28, 2015.[1]
On October 19, 2016, Cheaha Bank sent Equity Ventures a written demand "for a statement of the value of all permanent or preservation improvements" made on the property since the date of the tax sale. The letter explicitly stated that the demand was being made pursuant to § 40-10-122, Ala. Code 1975. In response, Equity Ventures *855 wrote a letter to Cheaha Bank explaining its position that Cheaha Bank was "not entitled to a response to a written demand made pursuant to Ala. Code § 40-10-122 (1975)" because, Equity Ventures explained, the tax sale had occurred more than three years before and the only form of redemption now available was pursuant to § 40-10-83, Ala. Code 1975. In other words, Equity Ventures' position was that judicial redemption was the only allowable form of redemption permitted by law at that time and that administrative redemption was no longer an option for Cheaha Bank.
Equity Ventures went on to advise Cheaha Bank that, pursuant to § 40-10-83, it would accept redemption in the amount of $15,989.67, which included $3,129.96 for the tax lien, interest in the amount of $569.64, and an attorney fee of $12,290.88.[2] If the payment was not received by October 28, 2016, Equity Ventures said, the amount owed would need to be recalculated.
On November 4, 2016, Cheaha Bank filed in the probate court a petition for administrative redemption pursuant to § 40-10-120 et seq., Ala. Code 1975, and attached the correspondence between it and Equity Ventures. In the petition, Cheaha Bank asserted that an attorney fee was not recoverable pursuant to § 40-10-122 and that it was prepared to pay $4,776.24 to redeem the property.
That same day, the probate court entered a judgment granting Cheaha Bank's petition for administrative redemption. In the judgment, the probate court found that, because Cheaha Bank's written demand for a statement of value was made within one year of the date Equity Ventures provided Cheaha Bank with notice of its purchase of the property, its request for administrative redemption was timely. The probate court further found that Equity Ventures's "refusal to participate in the redemption process set forth under § 40-10-122... creates and operates as an implied forfeiture and waiver of its right to claim any value for permanent or preservation improvements to [the property] since the time of the tax sale, as well as any other allowable charges." The probate court also noted that an attorney fee was not recoverable under § 40-10-120 et seq. Finally, the probate court ordered the Calhoun County revenue commissioner to issue a certificate of redemption to Cheaha Bank upon Cheaha Bank's payment of $4,776.24. The certificate of redemption was issued on November 4, 2016, the same day Cheaha Bank had filed its petition for administrative redemption.
On November 30, 2016, the revenue commissioner notified Equity Ventures that the property had been redeemed and that, "upon surrender of your certificate of purchase to this office," it could obtain a check in the amount Equity Ventures had paid the state, plus interest. On December 2, 2016, Equity Ventures filed a motion to vacate the November 4, 2016, judgment and to quash the certificate of redemption. The probate court denied the postjudgment motion on February 21, 2017.
On March 15, 2017, Equity Ventures filed a petition for a writ of mandamus in the circuit court. In its petition, Equity Ventures asked the circuit court to issue a writ directing the probate court to quash or to vacate the certificate of redemption issued on November 4, 2016, on the ground that the probate court did not have subject-matter jurisdiction to grant the administrative redemption.
*856 On April 12, 2017, Cheaha Bank filed in the circuit court a motion to dismiss Equity Ventures's petition for a writ of mandamus. In support of its motion, Cheaha Bank stated that Equity Ventures had not appealed from the November 4, 2016, judgment or obtained a stay of that judgment. Cheaha Bank argued that the probate court no longer had jurisdiction over the matter and that, therefore, the petition was moot. A hearing was held on Cheaha Bank's motion, after which, on July 21, 2017, the circuit court dismissed the petition for a writ of mandamus. On August 21, 2017, Equity Ventures filed a motion to alter, amend, or vacate the judgment dismissing the petition. The circuit court did not rule on the postjudgment motion, which was thus deemed denied on November 20, 2017, pursuant to Rule 59.1, Ala. R. Civ. P.[3] On December 28, 2017, Equity Ventures timely appealed to our supreme court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975.
Equity Ventures first contends that the circuit court erred in dismissing the petition for a writ of mandamus. The circuit court did not set forth a reason for its decision to dismiss the petition. At the hearing on Cheaha Bank's motion to dismiss, and in response to Equity Ventures's contention on appeal, Cheaha Bank has asserted that the petition for a writ of mandamus is moot. In support of its assertion, Cheaha Bank relies on the following language from State v. Webber, 892 So.2d 869, 871 (Ala. 2004) :
"The filing of a petition for a writ of mandamus against a trial judge does not divest the trial court of jurisdiction, stay the case, or toll the running of any period for obeying an order or perfecting a filing in the case. See Ex parte St. John, 805 So.2d 684 (Ala. 2001) ; State ex rel. S.N. v. W.Y., 622 So.2d 378, 381 (Ala. Civ. App. 1993) ; and Continental Oil Co. v. Williams, 370 So.2d 953, 954 (Ala. 1979). The petition for a writ of mandamus, if meritorious, merely prompts the appellate court to exercise its supervisory power to tell the trial judge, as an official, as distinguished from the trial court itself, to do his or her duty when that duty is so clear that there are no two ways about it. Ex parte Little, 837 So.2d 822, 824 (Ala. 2002). Further, a petition for a writ of mandamus is not a substitute for an appeal. State v. Van Reed, 673 So.2d 857, 858 (Ala. Crim. App. 1996) ; and Ex parte City of Tuscaloosa, 636 So.2d 692, 694 (Ala. Crim. App. 1993).
"Therefore, in the case now before us, the filing of the petition for a writ of mandamus neither transferred the retained subject-matter jurisdiction of the trial court to the appellate court, nor tolled the expiration of the thirty days of retained jurisdiction of the trial court, nor conferred appellate jurisdiction (as distinguished from supervisory jurisdiction over the trial judge) on the Court of Criminal Appeals. Thus, after the thirty days of retained jurisdiction in the trial court expired, and after any applicable period for appeal, if any, expired, the trial court lost all jurisdiction and all possibility of reacquiring jurisdiction to vacate the judgment of dismissal, and the appellate courts lost all possibility of *857 acquiring appellate jurisdiction to remand the case for the judgment to be vacated."
(Footnote omitted.)
We note that Webber involved a criminal matter and did not address the issue of whether a petition for a writ of mandamus was the proper vehicle for seeking review in the circuit court of a probate court's judgment granting a certificate of redemption.
In light of Webber, however, Cheaha Bank argues that, because more than 30 days had passed since the final judgment had been entered in the redemption action and Equity Ventures had not appealed or sought a stay of the judgment, the probate court no longer had jurisdiction over this matter. Because the probate court no longer had jurisdiction, Cheaha Bank reasons, any direction the circuit court might have provided to the probate court in the circuit court's supervisory capacity could no longer be carried out by the probate court. Therefore, Cheaha Bank has concluded, the petition for a writ of mandamus is moot.
In response, Equity Ventures argues that it did not have the option to appeal from the probate court's judgment. Instead, it maintains, it was required to file a petition for a writ of mandamus. To support its argument, Equity Ventures relies on Wall to Wall Properties v. Cadence Bank, NA, 163 So.3d 384 (Ala. Civ. App. 2014), and Surginer v. Roberts, 231 So.3d 1117 (Ala. Civ. App. 2017). In Cadence Bank, this court wrote:
"A party aggrieved by the erroneous issuance of a certificate of redemption may petition a circuit court in the county in which the probate court lies for a writ of mandamus to compel the vacating of the certificate. Ordinarily, a circuit court may issue a writ of mandamus to a probate court only in cases in which it has appellate jurisdiction. See Ex parte Jim Walter Res., Inc., 91 So.3d 50, 52 (Ala. 2012). Section 12-22-21, Ala. Code 1975, which defines the appellate jurisdiction of circuit courts over probate courts, does not include appeals concerning certificates of redemption. However, our supreme court recently recognized that a circuit court has jurisdiction to adjudicate petitions for a writ of mandamus involving the denial of a certificate of redemption. See Ross v. Rosen-Rager, 67 So.3d 29, 38 (Ala. 2010) (citing Boyd v. Holt, 62 Ala. 296 (1878) ) (refusal of the probate judge to issue a certificate of redemption for land sold for taxes was reviewable in the circuit court by a petition for a writ of mandamus). Furthermore, in Roach v. State, 148 Ala. 419, 39 So. 685 (1905), our supreme court accepted, without comment, an appeal from a circuit court's denial of a mandamus petition that was filed by a tax-sale purchaser. The tax-sale purchaser had requested the circuit court to compel the probate court in that case to issue a deed to the purchaser where the probate court had issued a certificate of redemption to the owner after the expiration of the statutory period for redemption. See also Chattanooga Metal Co. v. Proctor, 226 Ala. 492, 147 So. 666 (1933). If the circuit court had lacked jurisdiction in that case to adjudicate the mandamus petition, the supreme court would have dismissed the appeal as being from a void judgment. See, e.g., Ex parte Punturo, 928 So.2d 1030 (Ala. 2002). Thus, the circuit court has subject-matter jurisdiction to adjudicate the petition for a writ of mandamus in this case."
163 So.3d at 388.
In a subsequent case, this court condensed that holding, stating:
*858 "If a probate court issues a certificate of redemption without ascertaining whether the redeeming party has paid all lawful amounts due, a circuit court may, upon a timely filed petition, issue a writ of mandamus to the probate court directing it to vacate the certificate of redemption and to hold a hearing to fulfill its statutory duty. [ Wall to Wall Properties v. Cadence Bank, NA, 163 So.3d 384, 388 (Ala. Civ. App. 2014)."
Wall to Wall Props., Inc. v. Wells Fargo Bank, N.A., 206 So.3d 658, 660 (Ala. Civ. App. 2016).
Again, in Surginer, supra, this court quoted the holding in Cadence Bank, then noted:
"See also Franks v. Norfolk S. Ry. Co., 679 So.2d 214, 216 (Ala. 1996) ('Orders as to which no statute grants appellate jurisdiction are reviewed on petitions for writ of certiorari, mandamus, or prohibition.'). 'All orders, judgments and decrees of probate courts shall be accorded the same validity and presumptions which are accorded to judgments and orders of other courts of general jurisdiction.' § 12-13-1(c), Ala. Code 1975. A petition for 'a writ of mandamus is the proper method for vacating an order that a ... court had no authority to enter.' Alabama Dep't of Mental Health & Mental Retardation v. State, 718 So.2d 74, 75 (Ala. Civ. App. 1998)."
Surginer, 231 So.3d at 1125.
Furthermore, our supreme court has held:
" 'In Alabama, circuit courts have "a general superintendence" over the probate courts. Ala. Code 1975, § 12-11-30(4). Encompassed in this superintendence is the power to review certain judgments and orders of the probate court, either through direct appeal or by petition for an extraordinary writ. See Helms v. McCollum, 447 So.2d 687 (Ala. 1984). Sections 12-22-2 and 12-22-20, Ala. Code 1975, authorize appeals from final judgments of a probate court to either the circuit court or the Supreme Court.
" '....
" 'The appellate jurisdiction of the circuit court can also be invoked by a petition for an extraordinary writ. Ala. Const. of 1901, [§ 142 ](b). Orders as to which no statute grants appellate jurisdiction are reviewed on petitions for writ of certiorari, mandamus, or prohibition. Town of Flat Creek v. Alabama By-Products Corp., 245 Ala. 528, 17 So.2d 771 (1944).'
" Franks v. Norfolk Southern Ry., 679 So.2d 214, 216 (Ala. 1996). See Boyd v. Holt, 62 Ala. 296 (1878) (refusal of the probate judge to issue a certificate of redemption for land sold for taxes was reviewable in the circuit court by a petition for a writ of mandamus)."
Ross v. Rosen-Rager, 67 So.3d 29, 38 (Ala. 2010) (emphasis added). As mentioned, § 12-22-21, Ala. Code 1975, which defines the appellate jurisdiction of circuit courts over probate courts, does not include appeals concerning certificates of redemption. Thus, pursuant to our supreme court's holding in Ross, the proper means by which to bring this matter before the circuit court would be by petition for a writ of mandamus.
Accordingly, we conclude that the circuit court erred in dismissing Equity Ventures's petition for a writ of mandamus seeking review of the probate court's judgment granting Cheaha Bank's petition for administrative redemption of the property. Therefore, we reverse the circuit court's judgment, and we remand this cause to the circuit court for it to address the merits of *859 Equity Ventures's petition for a writ of mandamus.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.

After receiving the tax deed, Equity Ventures filed two actions in the circuit court in connection with the property. In one action, Equity Ventures sought to eject Superior from the property; in the second action, it sought to quiet title to the property.

We recognize that the amounts set forth total $15,990.48; however Equity Ventures' letter to Cheaha Bank requested $15, 989.67.

The 90th day after the postjudgment motion was filed was Sunday, November 19, 2017. Therefore, pursuant to Rule 6(a), Ala. R. Civ. P., the date on which the postjudgment motion was deemed denied was Monday, November 20, 2017. See First Alabama State Bank v. McGowan, 758 So.2d 1116 (Ala. Civ. App. 2000), and Richburg v. Cromwell, 428 So.2d 621 (Ala. 1983) ; see also Williamson v. Fourth Ave. Supermarket, Inc., 12 So.3d 1200, 1203-04 (Ala. 2009).