BOLIN, Justice.
Foundation Bank (“the Bank”) petitions this Court for a writ of mandamus compelling Autauga County Circuit Judge Sibley Reynolds to vacate his order staying the Bank’s attempted redemption in the probate court of certain property pursuant to Ala.Code 1975, § 40-10-120 et seq. We grant the petition and issue the writ.

I. Facts and Procedural History

The property at issue consists of two parcels of contiguous property located in Autauga County, which includes equipment for outdoor entertainment opportunities for the community. The property is identified as Parcel I: 19-06-23-2-003-003.000 and Parcel II: 19-06-23-2-003-004.000 (hereinafter referred to collectively as “the property”). Emerald Falls, LLC, and its only member, Alice L. Smith (hereinafter referred to collectively as “Emerald Falls”), owned the property originally.
*2 On May 18, 2010, Rob Riddle purchased the property at a tax sale as a result of Emerald Falls’ failure to pay the ad valo-rem taxes on the property. Riddle allegedly purchased insurance on the property and made certain improvements to the property. On January 1, 2011, Riddle executed a document, assigning his interest in the property to CMC Properties, LLC (“CMC”); the assignment was not recorded until February 11, 2011.
On January 17, 2011, Riddle sent written notification to Working Capital No. 1, LLC (“Working Capital”), the mortgagee of the property, advising Working Capital that he had purchased the property belonging to Emerald Falls at the 2010 tax sale.
On January 19, 2011, Riddle filed in the circuit court a complaint against Emerald Falls pursuant to § 40-10-74, Ala.Code 1975,[1] alleging that Emerald Falls had abandoned the property and that Riddle was entitled to immediate possession of the property. Riddle also sought a judgment declaring his rights and/or interests in the property.
On May 27, 2011, the circuit court entered a consent order, in which Emerald Falls and Riddle acknowledged that Riddle had purchased the property subject to the redemption rights of Emerald Falls, that Riddle had made improvements to the property, and that Riddle was entitled to be reimbursed for those improvements. The consent order stated that should Emerald Falls attempt to redeem the property, the matter would be placed on the active trial docket by way of motion from either party to address the amount of taxes owed, reimbursement for improvements, and the accrual of statutory interest.
On January 30, 2013, Riddle sent written notification to the Bank, advising the Bank that he had purchased the property belonging to Emerald Falls at the 2010 tax sale. Riddle sent this notification to the Bank after discovering that Working Capital had assigned its mortgage on the property to the Bank as additional security for a line of credit held by the Bank. As previously noted, Riddle assigned his interest in the property to CMC on January 1, 2011; the assignment was recorded on February 11, 2011. We hereinafter refer to Riddle and CMC collectively as CMC.[2]
On March 2, 2013, an attorney representing both the Bank and Working Capi *3 tal (hereinafter referred to collectively as “the Bank”) gave written notice to CMC of its intent to redeem the property. The attorney requested that CMC, pursuant to § 40-10-122, Ala.Code 1975, identify “any and all amounts that [CMC] claim are either ‘permanent improvements’ or ‘preservation improvements’ as defined [§ 40-10-122(d) ].” A dispute arose between CMC and the Bank regarding the amount of moneys CMC claimed it had expended on the property. The Bank and CMC thereafter appointed individual referees pursuant to § 40-10-122(d), which provides that if the proposed redemptioner does not agree with the value of the improvements stated by the purchaser, the proposed redemptioner “shall appoint a referee to ascertain the value of such permanent or preservation improvements as applicable.”
On March 31, 2013, the Bank notified the probate court in writing that it was electing to exercise its statutory right of redemption pursuant to § 40-10-120 et seq., Ala.Code 1975.[3] The Bank further requested that the probate court provide it with the amount of money to be deposited for the redemption pursuant to § 40-10-122(a), which, according to the probate court, was $32,249.96 — representing the amount for which the property was sold, with interest.
On April 1, 2013, CMC moved the circuit court to enter a stay prohibiting the probate court from accepting any redemption moneys from the Bank pending a hearing in the circuit court regarding the redemption amount. In its motion to stay, CMC specifically stated that a resolution had not been reached between CMC and the Bank regarding the amount necessary to redeem the property and that the parties had appointed referees as required. CMC also stated in its motion that “it has come to the attention of [CMC] that [the Bank is] still in contact with [the probate court] in hopes to back door the redemption process and thus pay monies directly to the Probate Office so a Certificate of Redemption can be obtained ... for the property.” On April 1, 2013, the circuit court entered an order, which stated: “Redemption issue stayed, pending hearings as set.”
On April 2, 2013, the Bank attempted to redeem the property by depositing with the probate court $32,249.96. The probate court entered an order, denying the Bank’s attempted redemption. Specifically, the probate court stated that the Bank was authorized as the mortgagee of the property to redeem the property and “[b]ut for *4 the order entered by [the circuit court], this court would have accepted the redemption amount being paid by [the Bank]....”
On April 9, 2013, the Bank filed this petition for a writ of mandamus, compelling the circuit court to vacate its April 1, 2013, order staying the “redemption issue” pending hearings in the circuit court. In its petition, the Bank argues that the circuit court lacked subject-matter jurisdiction to prohibit.it from exercising its statutory right of redemption in the probate court pursuant to Ala.Code 1975, § 40-10-122. As an additional ground for the issuance of the writ, the Bank argues that a party desiring to redeem property is neither required to pay a tax-sale purchaser amounts owed under § 40-10-122(b) and/or (c), Ala.Code 1975, prior to redeeming the property pursuant to subsection (a) of that Code section, nor is a proposed redemptioner required to resolve a dispute regarding any disputed amounts owed under § 40-10-122(b) and/or (c) prior to redeeming property pursuant to subsection (a).

II. Standard of Review

“ ‘The question of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus.’ Ex parte Liberty Nat’l Life Ins. Co., 888 So.2d 478, 480 (Ala.2003). However, ‘[f]or the writ of mandamus to issue “ ‘[t]he right sought to be enforced by mandamus must be clear and certain with no reasonable basis for controversy about the right to relief.’ ” ’ Ex parte Vance, 900 So.2d 394, 398-99 (Ala.2004).”
Ex parte Tuscaloosa County Special Tax Bd., 963 So.2d 610, 611-12 (Ala.2007).

III. Ala.Code 1975, § lfi-10-122 and § 10-10-127

Section 40-10-122, Ala.Code 1975, governs the manner of statutory redemption when land is sold at a tax sale to a party other than the State. At all times pertinent to this action § 40-10-122 provided:
“(a) In order to obtain the redemption of land from tax sales where the same has been sold to one other than the state, the party desiring to make such redemption shall deposit with the judge of probate of the county in which the land is situated the amount of money for which the lands were sold, with interest payable at the rate of 12 percent per annum from date of sale, and, on the portion of any excess bid that is less than or equal to 15 percent of the market value as established by the county board of equalization, together with the amount of all taxes which have been paid by the purchaser, which fact shall be ascertained by consulting the records in the office of the tax collector, or other tax collecting official, with interest on said payment at 12 percent per annum. If any taxes on said land have been assessed to the purchaser and have not been paid, and if said taxes are due which may be ascertained by consulting the tax collector or other tax collecting official of the county, the probate judge shall also require the party desiring to redeem said land to pay the tax collector or other tax collecting official the taxes due on said lands which have not been paid by the purchaser before he or she is entitled to redeem the same....
“(b) With respect to property located within an urban renewal or urban redevelopment project area designated pursuant to Chapters 2 or 3 of Title 24, the proposed redemptioner must pay to the purchaser or his or her transferee, in addition to any other requirements set forth in this section, the amounts set forth below:
“(1) All insurance premiums paid or owed by the purchaser for casualty *5 loss coverage on insurable structures with interest on said payments at 12 percent per annum.
“(2) The value of all permanent improvements made on the property determined in accordance with this section with interest on said value at 12 percent per annum.
“(c) With respect to property which contains a residential structure at the time of the sale regardless of its location, the proposed, redemptioner must pay to the purchaser or his or her transferee, in addition to any other requirements set forth in this section, the amounts set forth below:
“(1) All insurance premiums paid or owed by the purchaser for casualty loss coverage on the residential structure with interest on the payments at 12 percent per annum.
“(2) The value of all preservation improvements made on the property determined in accordance with this section with interest on the value at 12 percent per annum.
“(d) As used herein, ‘permanent improvements’ shall include, but not be limited to, all repairs, improvements, and equipment attached to the property as fixtures. As used herein, ‘preservation improvements’ shall mean improvements made to preserve the property by properly keeping it in repair for its proper and reasonable use, having due regard for the kind and character of the property at the time of sale. The proposed redemptioner shall make written demand upon the purchaser of a statement of the value of all permanent or preservation improvements as applicable made on the property since the tax sale. In response to written demand made pursuant to this subsection, within 10 days from the receipt of such demand, the purchaser shall furnish the proposed redemptioner with the amount claimed as the value of such permanent or preservation improvements as applicable; and within 10 days after receipt of such response, the proposed redemp-tioner either shall accept the value so stated by the purchaser or, disagreeing therewith, shall appoint a referee to ascertain the value of such permanent or preservation improvements as applicable. The proposed redemptioner shall in writing (i) notify the purchaser of his or her disagreement as to the value; and (ii) inform the purchaser of the name of the referee appointed by him or her. Within 10 days after the receipt of such notice, the purchaser shall appoint a referee to ascertain the value of the permanent or preservation improvements as applicable and advise the proposed redemptioner of the name of the appointee. Within 10 days after the purchaser has appointed his or her referee, the two referees shall meet and confer upon the award to be made by them. If they cannot agree, the referees shall at once appoint an umpire, and the award by a majority of such body shall be made within 10 days after the appointment of the umpire and shall be final between the parties.
“(e) If the proposed redemptioner fails or refuses to nominate a referee as provided in subsection (d), he or she must pay the value put upon the improvements by the purchaser. If the purchaser refuses or fails to appoint a referee, as provided in subsection (d), the purchaser shall forfeit his or her claim to compensation for such improvements. The failure of the referees or either of them to act or to appoint an umpire shall not operate to impair or forfeit the right of either the proposed redemptioner or the purchaser in the premises and in the event of failure without fault of the parties to affect an *6 award, the appropriate comí shall proceed to ascertain the true value of such permanent or preservation improvements as applicable and enforce the redemption accordingly.”
(Emphasis added.)
Section 40-10-127, Ala.Code 1975, governs the issuance of certificates of redemption and provides, in pertinent part:
“Upon the payment of the amount required by law for the redemption of the lands sold for taxes by a person entitled to redeem, the judge of probate, or official who perfoms the same function, shall issue that person a certificate of redemption describing the lands, setting forth the facts of the sale substantially as contained in the certificate of purchase, the date of redemption, the amount paid, by whom the lands were redeemed, and make the proper entries in the book of sales in his or her office and immediately give notice of the redemption to the county treasurer or custodian of the county funds. The judge of probate, or official who performs the same functions, shall sign the certificate.”
(Emphasis added.)

IV. Discussion

In Alabama, circuit courts have only a “general superintendence” over probate courts. Ala.Code 1975, § 12-11-30(4). See also Franks v. Norfolk Southern Ry., 679 So.2d 214, 216 (Ala.l996)(“Encom-passed in this superintendence is the power to review certain judgments and orders of the probate court, either through direct appeal or by petition for an extraordinary writ.”).
The jurisdiction of probate courts in Alabama is set forth in § 12-13-1, Ala.Code 1975, which provides, in part:
“(a) The probate court shall have original and general jurisdiction as to all matters mentioned in this section and shall have original and general jurisdiction as to all other matters which may be conferred upon them by statute, unless the statute so conferring jurisdiction expressly makes the jurisdiction special or limited.”
See also Wallace v. State, 507 So.2d 466, 468 (Ala.1987) (“The jurisdiction of the probate court is limited to the matters submitted to it by statute.”).
Based on the clear language of § 40-10-122, the probate court has, to the exclusion of all other courts, exclusive jurisdiction over the statutory redemption process. And, as discussed below, the process of redemption involves several requirements, if applicable, that must be met before a certificate of redemption is issued. In other words, contrary to the Bank’s argument, the process of depositing with the probate court “the amount of money for which the lands were sold, with interest,” pursuant to § 40-10-122(a), is only one affirmative requirement stated in the entirety of § 40-10-122.
Based on the unambiguous language of § 40-10-127, the probate court also has, to the exclusion of all other courts, the exclusive power to issue to the redemptioner a certificate once the redemption process is complete. Accordingly, the circuit court in this case did not have subject-matter jurisdiction to enter an order staying the Bank’s statutory right of redemption in the probate court, and its order purporting to do so is void.[4] “Any action taken by a *7 trial court without subject-matter jurisdiction is void.” Johnson v. Neal, 39 So.3d 1040,1045 (Ala.2009).
As previously stated, the Bank argues as an additional ground for issuance of the writ that a party desiring to redeem property is neither required to pay to the tax-sale purchaser any amounts owed under § 40-10-122(b) and/or (c) prior to redeeming the property pursuant to subsection (a) of that Code section, nor is a proposed redemptioner required to resolve any dispute regarding amounts owed under § 40-10-122(b) and/or (c) prior to redeeming the property pursuant to subsection (a). We disagree. As the title implies, § 40-10-122 governs the “Manner of redemption when land [is] sold to [a] party other than [the] state.” The statute is unambiguous, and all the requirements set forth in each applicable subdivision must be satisfied before a certificate of redemption can be issued pursuant to § 40-10-127.
The first part of 40-10-122(a) provides that “[i]n order to obtain the redemption of land from tax sales .. ,,the party desiring to make such redemption shall deposit with the judge of probate ... the amount of money for which the lands were sold, with interest-” (Emphasis added.) The second part of 40-10-122(a) provides that if there are any taxes due on the subject land, “the probate judge shall also require the party desiring to redeem the land to pay the tax collector ... the taxes due on the lands ... before he or she is entitled to redeem the same.... ” (Emphasis added.) Accordingly, a party desiring to redeem land must deposit with the probate court “the amount of money for which the property was sold, with interest....” And, if there are any taxes due, the party must also pay the tax collector “before he or she is entitled to redeem the same.” (Emphasis added.)
In 2002, § 40-10-122 was amended to add subsections (b) through (e). Subsections (a) through (e) constitute the “statutory,” as opposed to “judicial,” redemption scheme (see supra note 3) that must be followed in order for redemption to be completed. '
“Because the meaning of statutory language depends on context, a statute is to be read as a whole. King v. St. Vincent’s Hospital, 502 U.S. 215, 221, 112 S.Ct. 570, 574, 116 L.Ed.2d 578 (1991). Subsections of a statute are in pari materia and ‘should be construed together to ascertain the meaning and intent of each.’ McCausland v. Tide-Mayflower Moving & Storage, 499 So.2d 1378,1382 (Ala.1986).”
Ex parte Jackson, 614 So.2d 405, 406 (Ala.1993).
Each subsection of § 40-10-122 following subsection (a) refers to the “proposed redemptioner.” The proposed redemp-tioner under the statute refers to the same party in subsection (a), i.e., the party “desiring to make such redemption.” Just like the requirement in § 40-10-122(a) by which the redemptioner must pay to a third party, i.e., the tax collector, any unpaid taxes before being entitled to redeem, subsections (b) and (c), if applicable, require the proposed redemptioner to pay the tax-sale purchaser the amounts expended for insurance premiums and improvements “in addition to any other requirements set forth in this section....” (Emphasis added.) Thus, the proposed *8 redemptioner, in an action for a statutory-redemption before the probate court, in addition to paying amounts required under subsection (a), must also pay any amounts owed under subsections (b) and (c) before a certificate of redemption is issued. Section 40-10-122(d) merely defines permanent improvements and preservation improvements and describes the process that the proposed redemptioner and the tax-sale purchaser should use to effect an award in the event of a dispute regarding the amounts claimed under subsections (b) and/or (c).
Section 40 — 10—122(e) provides, in pertinent part:
' “The failure of the referees or either of them to act or to appoint an umpire shall not operate to impair or forfeit the right of either the proposed redemption-er or the purchaser in the premises and in the event of failure without fault of the parties to affect an award, the appropriate court shall proceed to ascertain the true value of such permanent or preservation improvements as applicable and enforce the redemption accordingly.”
(Emphasis added.) Again, § 40-10-122(e) refers to the “proposed redemptioner” and provides that “in the event of failure without fault of the parties to affect an award, the appropriate court shall proceed to ascertain the true value of such permanent or preservation improvements as applicable and enforce the redemption accordingly.” (Emphasis added.) The word “appropriate court” merely refers to the probate court “in the county in which the real property is located,” as referenced in the first sentence of § 40-10-122(a). Accordingly, the probate court has the exclusive jurisdiction under the statute to enforce the statutory redemption by resolving any and all disputes regarding amounts owed under subsections (b) and (c) that cannot without any fault on the parties otherwise be resolved.

V. Conclusion

Because the probate court has exclusive jurisdiction over the entire statutory redemption process, we grant the petition for the writ of mandamus and direct the circuit court to vacate its April 1, 2018, order staying the Bank’s attempted redemption in the probate court.
PETITION GRANTED; WRIT ISSUED.
STUART, PARKER, MURDOCK, MAIN, WISE, and BRYAN, JJ., concur.
SHAW, J., concurs in part and concurs in the result.
MOORE, C.J., dissents.

. Secdon 40-10-74, Ala.Code 1975, states, in pertinent part:
"Any purchaser of lands at a tax sale other than the state or anyone claiming under him shall be entitled to possession of said lands immediately upon receipt of certificate of sale from the tax collector; and, if possession is not surrendered within six months after demand therefor is made by said purchaser or his assignee, the said purchaser or his assignee may maintain an action in ejectment or a statutory real action in the nature of ejectment, or other proper remedy for the recovery of the possession of the lands purchased at such sales and shall be entitled to hold the possession thereof on recovery, subject, however, to all rights of redemption provided for in this title.”

. After notifying the Bank that he had purchased the property, Riddle filed a second amended complaint to reflect that he had assigned his interest in the property to CMC. The complaint also added the Bank as a party, although no specific claims were asserted against the Bank. CMC, as assignee of the property, filed a third amended complaint stating claims against both the Bank and Working Capital alleging constructive trust, quantum meruit, and unjust enrichment; those claims were based on the improvements CMC had made to the subject property. We note that CMC also named other parties in its complaint; those parties, however, are not relevant to the Bank's mandamus petition.

. “Under Alabama law, after a parcel of property has been sold because of its owner’s failure to pay ad valorem taxes assessed against that property (see § 40-10-1 et seq., Ala.Code 1975), the owner has two methods of redeeming the property from that sale: ‘statutory redemption' (also known as 'administrative redemption’), which requires the payment of specified sums of money to the probate judge of the county in which the parcel is located (see § 40-10-120 et seq., Ala.Code 1975), and judicial redemption’ under §§ 40-10-82 and 40-10-83, Ala. Code 1975, which involves the filing of an original civil action against a tax-sale purchaser (or the filing of a counterclaim in an ejectment action brought by that purchaser) and the payment of specified sums into the court in which that action or counterclaim is pending.’’
First Props., L.L.C. v. Bennett, 959 So.2d 653, 654 (Ala.Civ.App.2006). See also Heard v. Gunn, 262 Ala. 283, 78 So.2d 313 (1955) (noting that § 40-10-122 requires the proposed redemptioner to observe the requirements of the statute within three years from the date of the sale; otherwise, the only right to redeem is by virtue of § 40-10-83, Ala. Code 1975); see also William R. Justice, Redemption of Real Property Following Tax Sales in Alabama, 11 Cumb. L.Rev. 331, 335 (1980-81)("The term judicial redemption’ will be used to refer to an owner who redeems his land outside of the statutory setup found in Alabama Code sections 40-10-120 to 40-10-143.”).

. We note that CMC argues in its response brief that the circuit court's order "did not order the Probate Judge not to issue a redemption certificate to [the Bank], as [the Bank] has argued.” The circuit court’s order, staying the "redemption issue” pending hearings in the circuit court, is not a model of clarity. However, the probate court inter *7 preted the order as precluding it from accepting from the Bank any redemption moneys. And, as previously noted, CMC indicated in its motion to stay that it was basing it motion on the Bank’s attempt to redeem the property with the probate court. We, therefore, interpret the circuit court’s order as staying the Bank’s attempted redemption in probate court pending hearings in the circuit court.