MOORE, Judge.
Wall to Wall Properties (“Wall”) appeals from a judgment of the Madison Circuit Court (“the circuit court”) dismissing its petition for a writ of mandamus directed to the Madison Probate Court (“the probate court”). We reverse.

Background

In a petition for a writ of mandamus filed in the circuit court, and in accompanying affidavits with supporting documentation attached, see Ala.Code 1975, § 6-6-640, Wall alleged that it had purchased a parcel of real property (“the property”), which included a residential structure, at a tax sale on May 3, 2012, for $814.07. Wall further asserted that it had purchased insurance to cover the property and that it had made permanent improvements to the property. According to Wall, Cadence Bank, N.A.' (“Cadence”), subsequently foreclosed a mortgage on the property, deposited $867.07 with the probate court, and obtained a certificate of redemption from the probate court dated September 21, 2012. Wall averred that the probate court had acted without providing notice to Wall or conducting a hearing to verify that Wall had been reimbursed for the costs of insurance premiums it had paid and for the permanent improvements it had made to the property in accordance with § 40- *386 10-122(c) through (e), Ala.Code 1975. Wall further asserted that, on October 22, 2012, it had requested, in writing, that the probate court quash, vacate, or set aside the certifícate of redemption and that the probate court had refused that request. Wall requested that the circuit court issue a writ of mandamus compelling the probate court to vacate the certifícate of redemption.
Cadence and Judge Tommy Ragland, the judge of the probate court, filed multiple motions to dismiss the mandamus petition. In those motions, Cadence and Judge Ragland argued that the circuit court lacked subject-matter jurisdiction over the mandamus petition and that, even if the circuit court had jurisdiction, Wall had failed to timely file its petition in accordance with Rule 21, Ala. R.App. P. Cadence and Judge Ragland further argued that the certificate of redemption should not be set aside because a probate court has no authority or duty to collect premiums paid for insurance and costs expended for permanent improvements under § 40-10-122(c) through (e). Additionally, Cadence contended that the petition should be dismissed because Wall had not furnished sufficient evidence of the permanent improvements it had made to the property and the amounts it was owed for the insurance premiums it had paid and for the permanent improvements it had made and that, after filing the petition for a writ of mandamus, Wall had forfeited its right to payment by failing to comply with § 40-10-122(d). Wall and Cadence filed competing “summary-judgment motions” addressing the above issues.
On September 5, 2013, the circuit court denied the “summary-judgment motions” and granted the motions to dismiss filed by Judge Ragland and Cadence without specifying the basis for its judgment. Wall filed a “motion to reconsider” on October 4, 2013, which was denied on October 8, 2013. Wall filed its notice of appeal to this court on November 15, 2013. This court transferred the appeal to the Alabama Supreme Court for lack of subject-matter jurisdiction; that court transferred the appeal back to this court, pursuant to Ala.Code 1975, § 12-2-7.

Standard of Review

“A ruling on a motion to dismiss is reviewed without a presumption of correctness. Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993). This Court must accept the allegations of the complaint as true. Creola Land Dev., Inc. v. Bentbrooke Housing, L.L.C., 828 So.2d 285, 288 (Ala.2002). Furthermore, in reviewing a ruling on a motion to dismiss we will not consider whether the pleader will ultimately prevail but whether the pleader may possibly prevail. Nance, 622 So.2d at 299.”
Newman v. Savas, 878 So.2d 1147, 1148-49 (Ala.2003).

Discussion

Section 40-10-1, Ala.Code 1975, authorizes the probate court of each county to order the sale of lands in that county to recover unpaid tax assessments. Once land is sold at an authorized tax sale and the probate court confirms the sale, a certificate of purchase issues. §§ 40-10-13 and 40-10-19, Ala.Code 1975. The certificate of purchase does not vest in the purchaser title to the land but, rather, gives the purchaser a right to possession of the land, subject to the owner’s statutory right to redemption. Smith v. Jackson, 277 Ala. 257, 169 So.2d 21 (1964).
Within three years from the date of the tax sale, the owner may redeem land sold to a party other than the state by complying with the statutory-redemption scheme- *387 set out in § 40-10-122, Ala.Code 1975.[1] According to § 40-10-122(a), a party desiring to redeem property must deposit with the judge of probate the tax-sale price plus any taxes paid by the purchaser, with 12% interest.[2] Additionally, § 40-10-122(c) provides that if the land contained a residential structure at the time of the tax sale, the proposed redemptioner must pay to the purchaser
“(1) All insurance premiums paid or owed by the purchaser for casualty loss coverage on the residential structure with interest on the payments at 12 percent per annum.
“(2) The value of all preservation improvements made on the property determined in accordance with this section with interest on the value at 12 percent per annum.”
“Upon the payment of the amount required by law for the redemption of the lands sold for taxes ... the judge of probate, or official who performs the same function, shall issue that person a certifí-cate of redemption ....”§ 40-10-127, Ala.Code 1975.
By the plain and unambiguous terms of § 40-10-127, a probate court cannot issue a certificate of redemption until the proposed redemptioner has paid all sums “required by law for the redemption of lands.” Those sums include not only the amount to be deposited directly with the probate court to cover the tax-sale price, interest, and unpaid taxes under § 40-10-122(a), but also any insurance premiums and improvement costs owed under § 40-10-122(c). See Ex parte Foundation Bank, 146 So.3d 1, 8 (Ala.2013) (“Thus, the proposed redemptioner, in an action for a statutory redemption before the probate court, in addition to paying amounts required under subsection (a) [of § 40-10-122, Ala.Code 1975,] must also pay any amounts owed under subsections (b) and (c) before a certifícate of redemption is issued.”). Thus, before issuing a certificate of redemption, a probate court must ascertain whether any payments are due to the tax-sale purchaser under § 40-10-122(c) and verify that the proposed re-demptioner has made those payments.
 In this case, Judge Ragland, as he explained in his motions to dismiss, be- ■ lieved that he did not have any jurisdiction or duty to 'enforce payment of the amounts due under § 40-10-122(c). Judge Ragland maintained that, once he had received the sums due under § 40-10-122(a), he had fulfilled his “collection” duties and could issue Cadence a certificate of redemption, leaving it to the parties to resolve between themselves any dispute as to amounts due under § 40-10-122(c).[4] However, Judge *388 Ragland, and Cadenee to the extent it joined Judge Ragland’s argument, misconstrued the statutory-redemption scheme, which requires a probate court to ascertain whether all amounts due under the law have been made before issuing a certifícate of redemption. Upon learning that Wall claimed a right to payment for improvements and insurance premiums, Judge Ragland should have' vacated the certificate of redemption as requested and performed his statutory duty to assess Wall’s claim for compensation and assure that Cadence paid any amounts for which it was duly obligated.
A party aggrieved by the erroneous issuance of a certificate of redemption may petition a circuit court in the county in which the probate court lies for a writ of mandamus to compel the vacating of the certifícate. Ordinarily, a circuit court may issue a writ of mandamus to a probate court only in cases in which it has appellate jurisdiction. See Ex parte Jim Walter Res., Inc., 91 So.3d 50, 52 (Ala.2012). Section 12-22-21, Ala.Code 1975, which defines the appellate jurisdiction of circuit courts over probate courts, does not include appeals concerning certificates of redemption. However, our supreme court recently recognized that a circuit court has jurisdiction to adjudicate petitions for a writ of mandamus involving the denial of a certificate of redemption. See Ross v. Rosen-Rager, 67 So.3d 29, 38 (Ala.2010) (citing Boyd v. Holt, 62 Ala. 296 (1878)) (refusal of the probate judge to issue a certificate of redemption for land sold for taxes was renewable in the circuit court by a petition for a writ of mandamus). Furthermore, in Roach v. State, 148 Ala. 419, 39 So. 685 (1905), our supreme court accepted, without comment, an appeal from a circuit court’s denial of a mandamus petition that was filed by a tax-sale purchaser. The tax-sale purchaser had requested the circuit court to compel the probate court in that case to issue a deed to the purchaser where the probate court had issued a certificate of redemption to the owner after the expiration of the statutory period for redemption. See also Chattanooga Metal Co. v. Proctor, 226 Ala. 492, 147 So. 666 (1933). If the circuit court had lacked jurisdiction in that case to adjudicate the mandamus petition, the supreme court would have dismissed the appeal as being from a void judgment. See, e.g., Ex parte Punturo, 928 So.2d 1030 (Ala.2002). Thus, the. circuit court has subject-matter jurisdiction to adjudicate the petition for a writ of mandamus in this case.
A petition for a writ of mandamus filed in a circuit court under § 6-6-640, Ala.Code 1975, must be filed without unreasonable delay. See Evans v. Insurance Co. of N. America, 349 So.2d 1099 (Ala.1977). Any more specific deadline for filing a petition for a writ of mandamus found in Rule 21, Ala. R.App. P., applies only in the three designated appellate courts in this state and not in the circuit court. See Rule 1, Ala. R.App. P. In this case, Judgé Ragland and Cadence argued only that Wall’s petition for a writ of mandamus should have been dismissed under Rule 21, Ala. R.App. P., because it was not filed within 42 days of the issuance of the certificate of redemption, the usual period for taking an appeal from a judgment of the probate court. See Rule 4(a)(1), Ala. R.App. P.[5] However, neither Judge Rag- *389 land nor Cadence moved the circuit court to dismiss the petition based on Wall’s delay in filing its petition beyond a reasonable time or based on their having been prejudiced in some manner by that delay. Hence, the circuit court had no basis for dismissing the petition based on lack of timeliness.
Finally, the circuit court could not have dismissed the petition on the grounds asserted by Cadence that Wall had either failed to prove its right to compensation or had forfeited its right to compensation. The factual matters surrounding those grounds could not be decided in the' circuit court, which has no jurisdiction over the statutory-redemption process, but could be determined only by the probate court, which has exclusive jurisdiction over the process. See Ex parte Foundation Bank, supra. By his own admission, Judge Rag-land did not consider, much less decide, Wall’s claim, so any issues surrounding the validity of its claim remain extant. In fact, by granting the petition, the circuit court would merely be ordering Judge Ragland to vacate the certificate of redemption, enabling him to perform his statutory duty to ascertain whether, and how much, Cadence owes Wall.
Based on the foregoing, we reverse the judgment of the circuit court and remand this cause with instructions to the circuit court to vacate its judgment dismissing the petition for a writ of mandamus and to take such further actions on the petition as are consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN, THOMAS, and DONALDSON, JJ., concur.
THOMPSON, P.J., concurs in the result, ■without writing. ■

. A party may also redeem the property through the "judicial-redemption” process outlined in §§ 40-10-82 and 40-10-83, Ala.Code 1975. First Props., L.L.C. v. Bennett, 959 So.2d 653, 654 (Ala.Civ.App.2006).

. If any taxes on the land have been assessed on the tax-sale purchaser, but not paid, the proposed redemptioner must also pay those taxes to the tax collector in order to redeem the property. § 40-10-122(a).

. Section 40-10-122(d), Ala.Code 1975, "describes the process that the proposed redemp-tioner and the tax-sale purchaser should use to effect an award in the event of a dispute regarding the amounts claimed under [§ 40-10 — 122(c) j.” Ex parte Foundation Bank, 146 So.3d at 8. That process is largely extrajudicial in nature, requiring the parties to appoint referees and an umpire to ascertain the value of any permanent improvements, leaving it to the probate court to determine that value only in the rare instance when the referees and umpire do not perform their duties. However, nothing in § 40—10—122(d) empowers a referee or umpire to enforce an "award” for permanent improvements. The statutory scheme vests the probate court with the sole authority to assure payment is made for permanent improvements, even when the value of those improvements is established through *388 the dispute procedures set out in § 40-10-122(d). No language contained in § 40-10-122(d) removes that authority or relieves the probate court of its duty to assure that all payments are made under § 40-10-122 before a certificate of redemption is issued.

. In Ross v. Rosen-Rager, 67 So.3d at 38, our supreme court held that a tax-sale purchaser *389 cannot ignore a facially valid certificate of redemption, but must judicially challenge it. The court mentioned different ways to judicially challenge a probate-court action, but it did not specify the mode of review applicable to the issuance of a certificate of redemption. The supreme court did not, however, hold that a tax-sale purchaser has a right to appeal from the issuance of a certificate of redemption. We find no statutory authority allowing for an appeal from the issuance of a certificate of redemption.