**WALL TO WALL PROPERTIES, INC.**

v.

**CADENCE BANK, N.A.**

2140683.

Court of Civil Appeals of Alabama.

April 15, 2016.

Patrick A. Jones, Huntsville, for appellant.

Jesse S. Vogtle, Jr., Ed R. Haden, and Paul H. Greenwood of Balch & Bingham LLP, Birmingham, for appellee.

*On Second Application for Rehearing*

MOORE, Judge.

This court's opinion of February 12, 2016, is withdrawn, and the following is substituted therefor.

Wall to Wall Properties, Inc. ("Wall"), appeals from a judgment of the Madison Probate Court ("the probate court") determining that Cadence Bank, N.A. ("Cadence"), in order to complete the redemption of certain property that Wall had purchased at a tax sale on May 3, 2012, for $814.07, did not have to reimburse Wall for the insurance premiums regarding the property Wall had paid or for the permanent improvements Wall had made to the property, which included a residential structure. We affirm the probate court's judgment.

*Background and Procedural History*

This is the second time this case has been before this court. *See Wall to Wall Props. v. Cadence Bank, NA,* 163 So.3d 384 (Ala.Civ.App.2014) (*"Wall"*).[1] In *Wall,* Wall argued that the probate court had issued a certificate of redemption to Cadence for the property and that the

---

1. In *Wall,* this court incorrectly referred to Wall as "Wall to Wall Properties."

probate court had failed "to verify that Wall had been reimbursed for the costs of insurance premiums it had paid and for the permanent improvements it had made to the property in accordance with § 40–10–122(c) through (e), Ala.Code 1975." 163 So.3d at 385–86. This court concluded that the probate court should "vacate[ ] the certificate of redemption ... and perform[ ] [its] statutory duty to assess Wall's claim for compensation and assure that Cadence paid any amounts for which it was duly obligated." 163 So.3d at 388.

After our decision in *Wall* was issued, the probate court vacated the certificate of redemption and held a hearing to determine whether Wall "ha[d] been reimbursed for the costs of insurance premiums it ha[d] paid and for the permanent improvements it ha[d] made to the subject property in accordance with § 40–10–122(c) through (e), Ala.Code 1975." After that hearing, the probate court entered a judgment on January 22, 2015, determining that Wall had failed to prove that Cadence owed it for any permanent improvements Wall had made to the property or for insurance premiums it had paid. On February 11, 2015, the probate court entered an order reinstating the certificate of redemption. On February 23, 2015, Wall filed two separate postjudgment motions. Those motions were denied on April 13, 2015. Wall appealed to this court on May 2, 2015. This court transferred the appeal to the Alabama Supreme Court for lack of appellate jurisdiction; that court transferred the appeal back to this court, pursuant to Ala.Code 1975, § 12–2–7.

## Discussion

Section 40–10–122(d), Ala.Code 1975, provides, in pertinent part:

"The proposed redemptioner shall make written demand upon the purchaser of a statement of the value of all permanent or preservation improvements as applicable made on the property since the tax sale. In response to written demand made pursuant to this subsection, within 10 days from the receipt of such demand, the purchaser shall furnish the proposed redemptioner with the amount claimed as the value of such permanent or preservation improvements as applicable; and within 10 days after receipt of such response, the proposed redemptioner either shall accept the value so stated by the purchaser or, disagreeing therewith, shall appoint a referee to ascertain the value of such permanent or preservation improvements as applicable. The proposed redemptioner shall in writing (i) notify the purchaser of his or her disagreement as to the value; and (ii) inform the purchaser of the name of the referee appointed by him or her. Within 10 days after the receipt of such notice, the purchaser shall appoint a referee to ascertain the value of the permanent or preservation improvements as applicable and advise the proposed redemptioner of the name of the appointee. Within 10 days after the purchaser has appointed his or her referee, the two referees shall meet and confer upon the award to be made by them. If they cannot agree, the referees shall at once appoint an umpire, and the award by a majority of such body shall be made within 10 days after the appointment of the umpire and shall be final between the parties."

On appeal, Wall argues that, because, it says, Cadence failed to follow the procedure set forth in § 40–10–122(d), Cadence waived the right to object to the amounts claimed by Wall for the permanent improvements and the insurance premiums. Specifically, Wall claims that Cadence failed to timely nominate a referee in accordance with the statute. Wall asserts that, because Cadence waived the right to object to the amounts claimed by Wall by failing to nominate a referee in a timely

manner, the probate court should have entered a judgment for Wall for the amounts claimed by Wall.

The exhibits presented at the trial indicate that, on December 21, 2012, Cadence, the proposed redemptioner, demanded that Wall provide a statement of the value of all the permanent or preservation improvements it had made on and to the property since the tax sale. Cadence made that demand in the body of a motion to dismiss it filed with the Madison Circuit Court; that motion indicates that it was served on Wall through either the AlaFile system, the Web-based court-filing system, or the United States mail. The exhibits further indicate that Wall, through its attorney, Patrick Jones, had communicated to Cadence that that demand was not in compliance with § 40–10–122(d), so Cadence served a second written demand on Wall, via Jones, on February 4, 2013. On February 13, 2013, Wall mailed to Cadence a statement of the amounts for which it claimed reimbursement. Subsequently, on February 27, 2013, Jones notified Cadence that he was not authorized to represent Wall in the redemption process.

■ We conclude that Cadence's first demand was effective under § 40–10–122(d). The third supplemental record on appeal indicates that the motion to dismiss containing the demand was transmitted to the e-mail address for Wall's attorney on December 21, 2012. That transmission constitutes a written demand under § 40–10–122(d). See, e.g., Ex parte Alamo, 128 So.3d 700 (Ala.2013) (noting that an e-mail constitutes a written communication). Section 40–10–122(d) does not require that the demand be mailed or otherwise transmitted in any certain manner.

■ In its first application for rehearing, Wall argued that Jones was not authorized as its agent in the redemption process. The record indicates, however, that subsequent to the first demand being sent, Jones informed Cadence that Wall was requesting a second demand and that, thereafter, Cadence served Jones with that second demand, which Wall responded to with a statement of the amounts for which it was claiming reimbursement. Only after Wall responded to this second demand did Jones inform Cadence that he was not authorized to represent Wall in the redemption process. Furthermore, we note that Jones was acting as Wall's attorney in court proceedings relating to the redemption process at the time the first demand was served. Because Wall does not dispute that it had authorized Jones to represent it in the court proceedings relating to the redemption process and because Wall also responded to the second demand that was served on it via Jones, we conclude that Jones had at least the apparent authority to act as Wall's agent in the actual redemption process at the time the first (and second) demand was served. See, e.g., Daniel v. Scott, 455 So.2d 30, 33 (Ala. Civ.App.1984) ("An agent's apparent authority must be founded upon the conduct of the principal and not upon the conduct of the agent."). Therefore, Wall's argument that Jones lacked authority to accept the first demand is without merit. Because Wall did not respond to Cadence's first demand within 10 days, Wall was the party that initially failed to comply with § 40–10–122(d).

■ In Ross v. Deutsche Bank National Trust Co., 56 So.3d 679, 683 (Ala.Civ.App. 2010), this court stated: "[A]lthough § 40–10–122(d)[, Ala.Code 1975,] does not specifically provide that a failure to timely respond [to a request for improvement amounts] results in a forfeiture of the right to payment for improvements, the mandatory nature of the procedure set forth in that subsection implies the same." Because, in the present case, Wall failed to timely respond to Cadence's first demand

for a statement of the value of all the permanent or preservation improvements Wall was claiming it had made to the property, we conclude that Wall forfeited its right to payment for the improvements. Therefore, we affirm the probate court's judgment determining that Cadence owed no funds to Wall, albeit for a reason different than that stated by the probate court. *See Liberty Nat'l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C.*, 881 So.2d 1013, 1020 (Ala.2003) ("[T]his Court will affirm the trial court on any valid legal ground presented by the record, regardless of whether that ground was considered, or even if it was rejected, by the trial court.").

Wall's second argument on appeal is that the probate court erred in concluding that it had not proved the value of the preservation improvements. Because we have determined that Wall waived its right to reimbursement for the preservation improvements it made to the property, we conclude that this argument is moot.

■ Finally, we note that, although Wall mentions reimbursement for insurance premiums in its brief to this court, Wall has failed to develop an argument regarding that issue in compliance with Rule 28, Ala. R.App. P. Therefore, we conclude that Wall has waived that issue on appeal. *See Avis Rent A Car Sys., Inc. v. Heilman*, 876 So.2d 1111, 1124 n. 8 (Ala.2003) ("An argument not made on appeal is abandoned or waived.").

### *Conclusion*

Based on the foregoing, we affirm the judgment of the probate court.

APPLICATION OVERRULED; OPINION OF FEBRUARY 12, 2016, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.

THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.