# WALL TO WALL PROPERTIES, INC.

v.

# WELLS FARGO BANK, N.A.

2140837.

Court of Civil Appeals of Alabama.

April 15, 2016.

Patrick A. Jones, Huntsville, for appellant.

D. Keith Andress, Stephen K. Pudner, and Vincent G. Nelan of Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., Birmingham, for appellee.

*On Second Application for Rehearing*

MOORE, Judge.

This court's opinion of February 12, 2016, is withdrawn, and the following is substituted therefor.

Wall to Wall Properties, Inc. ("Wall"), appeals from a judgment entered by the Madison Circuit Court ("the circuit court") in favor of Wells Fargo Bank, N.A. ("Wells Fargo"). We affirm.

*Procedural History*

At some point, Wall purchased at a tax sale a parcel of real property ("the property") that was owned by Wells Fargo. On August 31, 2011, the Madison Probate Court ("the probate court") issued a certificate of redemption to Wells Fargo regarding the property. On August 6, 2012, Wall filed in the circuit court a petition requesting that the circuit court issue a writ of mandamus directing the probate court to set aside the certificate of redemption. Wall asserted that the probate court had failed to hold a hearing to verify that Wall had been reimbursed for the preservation improvements it had made to the property and for the costs of insurance premiums it had paid. Wall named Wells Fargo as a respondent to the action as well.

On November 5, 2012, Judge Tommy Ragland, the judge of the probate court, filed a motion to dismiss the petition, arguing that the probate court did not have jurisdiction to make a determination regarding whether Wall was entitled to reimbursement for the preservation improvements it had made to the property or for the insurance premiums it had paid. After a hearing, the circuit court entered an order on January 12, 2013, dismissing Judge Ragland as a respondent, stating: "[T]he costs of improvements are [not] costs that must be paid before a certificate of redemption may be issued by the Probate Judge."

Wells Fargo filed a motion to dismiss the petition for a writ of mandamus on April 19, 2013, which the circuit court initially denied. On August 14, 2013, Wells Fargo answered the petition and filed a counterclaim, alleging that Wall had continued leasing the property to tenants after the certificate of redemption had been issued, setting forth claims of ejectment and unjust enrichment, and requesting an accounting. On January 13, 2014, the circuit court entered an order that, among other things, granted Wells Fargo's motion to dismiss; the circuit court stated that it lacked subject-matter jurisdiction to consider Wall's mandamus petition and cited cases regarding the requirement of filing a timely petition. On March 14, 2014, Wells Fargo filed a motion for a summary judgment on its pending claims against Wall. On February 25, 2015, the trial court entered a summary judgment in favor of Wells Fargo, awarding Wells Fargo damages for Wall's having continued to lease

the property after the certificate of redemption was issued.

On March 4, 2015, Wall filed a postjudgment motion. On June 1, 2015, the circuit court entered an order denying Wall's postjudgment motion, noting that Wall's attorney had failed to attend the postjudgment hearing and that the attorney had failed to notify the court that he would not be attending the hearing until the scheduled time of the hearing. On July 10, 2015, Wall filed its notice of appeal to this court. This court transferred the appeal to the supreme court for lack of appellate jurisdiction; that court subsequently transferred the appeal back to this court, pursuant to Ala.Code 1975, § 12–2–7(6).

### Discussion

In *Wall To Wall Properties v. Cadence Bank, NA,* 163 So.3d 384 (Ala.Civ.App. 2014) ("*Wall*"),[1] this court held that, before a probate court issues a certificate of redemption on property that was sold at a tax sale, the probate court must first "ascertain whether all amounts due under [Ala.Code 1975, § 40–10–122(c),] have been made." 163 So.3d at 388. If a probate court issues a certificate of redemption without ascertaining whether the redeeming party has paid all lawful amounts due, a circuit court may, upon a timely filed petition, issue a writ of mandamus to the probate court directing it to vacate the certificate of redemption and to hold a hearing to fulfill its statutory duty. *Id.* With regard to the timely filing of a mandamus petition under such circumstances, this court stated:

> "A petition for a writ of mandamus filed in a circuit court under § 6–6–640, Ala.Code 1975, must be filed without unreasonable delay. *See Evans v. Insurance Co. of N. America,* 349 So.2d 1099 (Ala.1977). Any more specific deadline for filing a petition for a writ of mandamus found in Rule 21, Ala. R.App. P., applies only in the three designated appellate courts in this state and not in the circuit court. *See* Rule 1, Ala. R.App. P. In this case, Judge Ragland and Cadence argued only that Wall's petition for a writ of mandamus should have been dismissed under Rule 21, Ala. R.App. P., because it was not filed within 42 days of the issuance of the certificate of redemption, the usual period for taking an appeal from a judgment of the probate court. *See* Rule 4(a)(1), Ala. R.App. P. However, neither Judge Ragland nor Cadence moved the circuit court to dismiss the petition based on Wall's delay in filing its petition beyond a reasonable time or based on their having been prejudiced in some manner by that delay. Hence, the circuit court had no basis for dismissing the petition based on lack of timeliness."

163 So.3d at 388–89 (footnote omitted).

■ Wall notes that, in the present case, like in *Wall,* Wells Fargo relied upon Rule 21, Ala. R.App. P., in its motion to dismiss. However, in response to Wall's postjudgment motion, Wells Fargo also argued that the mandamus petition in the present case, which was filed almost one year after the certificate of redemption was issued, was due to be dismissed under the correct "unreasonable delay" standard set out in § 6–6–640, Ala.Code 1975. The circuit court considered that argument, to which Wall had had an adequate opportunity to respond, before denying Wall's postjudgment motion. Wall argues that it did not unreasonably delay the filing of its petition for a writ of mandamus because, it says, any delay in its filing was a result of Wells Fargo's failure to notify Wall that the certificate of redemption had been issued. Wall does not cite any law requiring

---

1. In *Wall,* this court incorrectly referred to Wall as "Wall to Wall Properties."

a redeeming party to notify a tax-sale purchaser of the issuance of a certificate of redemption, *see* Rule 28, Ala. R.App. P. In addition, although Wall argues that there was a delay in its receiving the certificate of redemption, it did not make that argument to the circuit court. In fact, we note that Wall pointed out to the circuit court that the probate court had the responsibility, pursuant to Ala.Code 1975, § 40–10–128, to notify it that the certificate of redemption had been issued, but it did not assert that the probate court had failed to do so. Wall's argument that it received late notice of the issuance of the certificate of redemption cannot be raised for the first time on appeal. *See Andrews v. Merritt Oil Co.,* 612 So.2d 409, 410 (Ala.1992) ("This Court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court.").

 Wall also argues that, even if the circuit court correctly dismissed Wall's petition for a writ of mandamus, the circuit court erred in failing to offset the damages it awarded Wells Fargo by the amount of the alleged preservation improvements Wall had made to the property. Any claim Wall may have to an offset would be based on Ala.Code 1975, § 40–10–122(c)(2) (requiring redeeming party to pay the tax-sale purchaser "[t]he value of all preservation improvements" as part of certificate-of-redemption procedure). We have already concluded that Wall failed to timely file its petition for a writ of mandamus seeking to have the circuit court direct the probate court to vacate its certificate of redemption. Therefore, the certificate of redemption cannot be vacated or revoked. Because the certificate of redemption stands, Wall has no legal claim under § 40–10–122(c)(2) for the value of the preservation of improvements it made to the property. Wall cannot recover indirectly through an offset any moneys that it cannot directly recover because of the untimely filing of its petition for a writ of mandamus. Setoff is an equitable defense. *Head v. Southern Dev. Co.,* 614 So.2d 1044, 1047 (Ala.1993). "Equity will not lie when there is an adequate remedy at law." *Union Planters Bank, N.A. v. People of State of New York,* 988 So.2d 1007, 1011 (Ala. 2008). In the present case, Wall had an adequate remedy at law, *see* § 40–10–122(c), that it failed to properly invoke.

*Conclusion*

Based on the foregoing, we affirm the judgment of the circuit court.

APPLICATION OVERRULED; OPINION OF FEBRUARY 12, 2016, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.

THOMPSON, P.J., and THOMAS and DONALDSON, JJ., concur.

PITTMAN, J., recuses himself.